# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ruben Castillo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 5325 | **DATE** | 08/10/2011 |
| **CASE TITLE** | Timothy Shaw (#M-22054) v. Officer Lelewinski, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to proceed *in forma pauperis* [#3] is granted. The Court orders the trust fund officer at Plaintiff's current place of incarceration to deduct $9.93 from Plaintiff's account for payment to the Clerk of Court as an initial partial filing fee. The Clerk shall send a copy of this order to the trust fund officer at Pontiac Correctional Center. However, summonses shall not issue at this time. Plaintiff's motion for appointment of counsel [#4] is granted.. The Court appoints Michael D. Oppenheimer, Erickson & Oppenheimer, Ltd, 217 North Jefferson Street, Suite #100, Chicago, IL 60661 to represent Plaintiff in accordance with counsel's trial bar obligations under the District Court's Local Rule 83.37 (N.D. Ill.). The complaint on file is dismissed without prejudice to appointed counsel filing an amended complaint within 60 days if the amended complaint comports with appointed counsel's obligations under Rule 11 of the Federal Rules of Civil Procedure.

■ **[For further details see text below.]**

Docketing to mail notices.

## STATEMENT

Plaintiff, a state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that Defendant Lelewinski violated his rights at the Cook County Jail by being deliberately indifferent to a substantial risk of serious harm. More specifically, Plaintiff is alleging that he told Defendant Lelewinski that he was in fear for his physical safety from a rival gang member, and Defendant Lelewinski placed him in a cell with the rival gang member anyway. Plaintiff alleges that he was attacked by that rival gang member and another inmate and suffered physical injuries requiring treatment at Cermak Health Services. Plaintiff also names Cook County Sheriff's Correctional Department as a Defendant.

Plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), the plaintiff is assessed an initial partial filing fee of $9.93. The trust fund officer at Plaintiff's place of incarceration is authorized and ordered to collect the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, Plaintiff's trust fund officer is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and this case number. This payment obligation will follow Plaintiff wherever he may be transferred.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint. Plaintiff states a § 1983 claim for deliberate indifference to a substantial risk of serious harm against Defendant **(CONTINUED)**

AWL

| STATEMENT  (continued) |
|---|

Lelewinski.  *See, e.g., Rapier v. Harris*, 172 F.3d 999, 1002 (7th Cir. 1999), *relying on Bell v. Wolfish*, 441 U.S. 520, 535 (1979).

However, Plaintiff names Cook County Sheriff's Correctional Department as a Defendant.  The Cook County Department of Corrections is not a suable entity.  *See Castillo v. Cook County Mail Room Dept.,* 990 F.2d 304, 307 (7th Cir. 1993).  Consequently, the Cook County Department of Corrections is dismissed as a Defendant.

Additionally, according to the docket, Plaintiff is presently incarcerated at Pontiac Correctional Center. However, he is seeking injunctive relief in this cause of action.  As Plaintiff has been transferred from the Cook County Jail, his claims for injunctive relief are moot.  *See Pearson v. Welborn*  471 F.3d 732, 743 (7th Cir. 2006) (transfer of inmate moots his claims for injunctive relief).

Because of the nature of Plaintiff's allegations, the Court hereby appoints Michael D. Oppenheimer, Erickson & Oppenheimer, Ltd, 217 North Jefferson Street, Suite #100, Chicago, IL 60661 to represent Plaintiff in accordance with counsel's trial bar obligations under the District Court's Local Rule 83.37 (N.D. Ill.).

After investigation, appointed counsel should file an amended complaint within sixty days, if such amendment comports with counsel's obligations under Rule 11 of the Federal Rules of Civil Procedure.  If counsel is unable to file an amended complaint, he should so inform the Court.